```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COSMOPOLITAN INTERIOR NY            :
CORPORATION,
                                    :
              Plaintiff,               MEMORANDUM AND ORDER
                                    :
        v.                             19-CV-2669 (VM) (KNF)
                                    :
DISTRICT COUNCIL 9 INTERNATIONAL
UNION OF PAINTERS AND ALLIED TRADES, :

              Defendant.            :
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is the defendant's motion, pursuant to Rules 26(a)(1)(A)(iii) and 26(b)(1) of the Federal Rules of Civil Procedure, to: (a) compel the plaintiff to produce "a proper calculation of its damages and all documents supporting its damage calculations"; and (b) enlarge the time to complete discovery. The motion is opposed by the plaintiff.

## DEFENDANT'S CONTENTIONS

The defendant asserts that the plaintiff failed to produce "a proper calculation as to the manner in which its alleged lost profits damages are calculated or any documentation in support thereof," as required by Request No. 4 of the defendant's First Set of Requests for Production seeking "all of the Plaintiff's financial documents." Since "the only damages the Plaintiff has now identified it is seeking in this action is in the nature of lost profits for <u>specific</u> construction jobs, the Defendant admits that such a request was too broad and has withdrawn that request seeking instead that the Plaintiff simply meets its Section 26 obligations." According to the defendant, the "lists" the plaintiff presented "are not calculations at all, but simply 'lists.'"

1

Moreover, the defendant's Request No. 8 of the defendant's First Set of Requests for Production seeks documents related to the plaintiff's calculation of damages.

The defendant asserts that it "should be allowed additional depositions of the Plaintiff related to such disclosure and an additional Rule 34 document request." The information sought is needed for the expert discovery to be completed. Assuming that the plaintiff will provide a proper calculation and documents, the defendant seeks an extension of time to object, to depose the principal owner of the plaintiff, to permit the defendant's expert to review, analyze and report on the plaintiff's submissions, as well as to obtain "several issues of incomplete discovery which are material to the defense of the case." In support of its motion, the defendant submitted a declaration of its attorney, with exhibits, and "Defendant's Statement of Material Facts on Motion to Compel."

## PLAINTIFF'S CONTENTIONS

In opposition to the motion, the plaintiff submitted its attorney's affirmation, in which counsel asserts: "Currently with the filing of this Affirmation, Plaintiff has amended its initial disclosures to include detailed calculations identifying jobs that it was either terminated from or was not awarded work, which represents the immediate damages that it is seeking in this case." Moreover, the plaintiff already produced: (a) concerning the projects terminated due to the defendant's conduct, "copies of the contracts and correspondence, if any, terminating the contracts"; (b) concerning the projects not awarded due to the defendant's conduct, "copies of the bids that were sent to the general contractors for the identified jobs"; and (c) "records of the history of work that [the plaintiff] previously received from the general contractors at issue" demonstrating an "ongoing and successful business relationship prior to Defendant's conduct." Counsel states that, "[h]aving amended its initial disclosures to give a proper calculation of

damages and having identified all documents supporting its damage calculations, Defendant's motion to compel should be denied." The plaintiff does not oppose the defendant's application to extend discovery. Attached to counsel's affirmation are exhibits containing "the damage charts" identifying "each of the jobs at issue, the value of the project and Plaintiff's lost profit, which is based on its traditional profit margins for similar work in the past."

## DEFENDANT'S REPLY

In reply, the defendant submitted a declaration by its attorney with exhibits, asserting that the plaintiff stated in its initial disclosure that its damages "are not limited to the loss of revenue based upon the price of services provided, additional expenses incurred, additional administrative costs, cost of lost opportunities, loss of goodwill, and costs of prosecuting the instant action to [sic]." The plaintiff's exhibits in opposition are the same lists the defendant received previously styled "Jobs Kicked off" and "Jobs Should have Gotten," and counsel's self-serving statement that the lost profit "is based upon its traditional profit margin for similar work in the past" fails to detail the plaintiff's costs for labor and materials or show documentary proof that it actually earned such a profit margin on similar works in the past. According to the plaintiff's counsel, "neither contracts nor bids disclose the profit margin, no less how such profit margin is calculated or proven" and the "bids" counsel references only sets forth "a bid amount and what work would be covered thereby." Moreover, the plaintiff's disclosure entitled "Description of Documents Plaintiff May Use To Support Its Claims or Defenses" fails to identify any financial records by which damages could be proven. The plaintiff also failed to provide any financial basis for a calculation of "future losses." The defendant's counsel asserts that 60 days following the plaintiff's disclosures is needed to complete discovery, including

depositions of a third-party and the plaintiff's representative on the issue of damages as well as preparation of the defendant's expert report.

## LEGAL STANDARD

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed. R. civ. P. 26(b)(1).
>
> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.
>
> Fed. R. Civ. P. 26(a)(1)(A)(iii).

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Motions to compel under Fed. R. Civ. P. 37 "are entrusted to the sound discretion of the district court." U.S. v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

## APPLICATION OF LEGAL STANDARD

The plaintiff failed to comply with Local Civil Rule 7.1(b), as no opposing memorandum of law was filed, and its counsel's affirmation not only included improperly factual assertions without personal knowledge, arguments and conclusory allegations, but also failed to comply with New York Civil Practice Law and Rule § 2106 or the requirements of 28 U.S.C. § 1746. Notwithstanding the procedural deficiencies in the plaintiff's opposition, the plaintiff's Exhibits

1 and 2 attached to the affirmation of the plaintiff's counsel, to the extent they are intelligible, do not constitute proper and sufficient disclosure under Rule 26(a)(1)(A)(iii). As articulated in the defendant's reply affirmation, Docket Entry No. 48, the plaintiff's untimely attempt to cure its failures by amending the disclosure after the defendant's motion was made, failed to do so. Accordingly, granting the defendant's motion to compel and for an extension of time is warranted.

## CONCLUSION

For the foregoing reasons, the defendant's motion to compel and for an extension of time to complete discovery, Docket Entry No. 38, is granted, and the time for completing pretrial discovery activities is extended for 60 days following the plaintiff's production. The parties are on notice that any failure to comply with the Court's order is subject to sanctions, including the harshest sanctions.

Dated: New York, New York
June 8, 2020                                    SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE