UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

19-CV-02669 (VM) (KNF)

——————————————————,

Cosmopolitan Interiors NY Corporation.      **STIPULATED PROTECTIVE ORDER**

　　　　Plaintiff(s),

-against-

District Council 9 International Union

Of Painters and allied Trades

　　　　Defendant(s).

——————————————————

**KEVIN N. FOX, United States Magistrate Judge.**

　　　　The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, **applying only to documents disclosed by and between the parties related to the issue of damages, which documents are produced on or after October 12, 2020 or in connection with depositions taken on or after October 12, 2020,** and the parties having stipulated to the following provisions, it is hereby ORDERED that any party subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested partys with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any party subject to this Order who receives from any other party any "Discovery Material" that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The party producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing party, seriously harm the producing party's business, commercial, financial, or personal interests or cause the producing party to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing party realizes that some portion of Discovery Material that that party previously produced without limitation should be designated as "Confidential," the producing party may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing party shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

## Who May Receive Confidential Materials

5. No party or party subject to this Order, other than the producing party, shall disclose any Confidential Discovery Material to any other party or party whomsoever, except to:
   (a) the parties to this action;

   (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

   (c) as to any document, its author, its addressee, and any other party shown on the face of the document as having received a copy;

   (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such party has first executed a Non-Disclosure Agreement in the form annexed hereto;

3

(e) any party retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such party has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other party whom the producing party designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. Prior to the disclosure of any Confidential Discovery Material to any party referred to in subparagraphs 5(d) or 5(e) above, such party shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that party has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such party being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

4

**Filing Confidential Materials in this Action**

7. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating party and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected parties shall request a joint telephone call with the Court to obtain a ruling.

8. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal.

9. Each party who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Termination of the Litigation**

10. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed.

11. During the pendency of this case only, this Court shall retain jurisdiction over all parties subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

| For Plaintiff(s): *Adam C. Weiss* | For Defendant(s): |
|---|---|
| Signed: _____ | Signed: _____ |
| Name: Adam C. Weiss, Esq. | Name: Barnes, Iaccarino & Shepherd, LLP |
| | By: Giacchino J. Russo, Esq. |
| Dated: 10/30 , 2020 | Dated: 10/24/20 , 2020 |

**SO ORDERED.**

Dated: <u>November 1</u>, 20<u>20</u>

*Kevin Nathaniel Fox*
_____
**KEVIN N. FOX**
**United States Magistrate Judge**

6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____,  19-CV-02669 (VM) (KNF)

Cosmopolitan Interior NY Corporation,

    Plaintiff(s),   **NON-DISCLOSURE AGREEMENT**

-against-

District Council 9 International Union

of Painters and Allied Trades,

    Defendant(s).

    I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____   _____

                                                       [Signature]